# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TELANO L. WHITE., ) | |
| ) | Civil Action No. 16 – 1337 |
| Petitioner, ) | |
| ) | District Judge Cathy Bissoon |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| WARDEN MONICA ) | |
| RECKTENWALD, ) | |
| ) | |
| Respondent. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Telano L. White be denied.

### II. REPORT

Petitioner Telano L. White ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution ("FCI") McKean, challenges the results of his prison disciplinary proceedings held on January 28, 2016, where he was found guilty of Destroying and/or Disposing of Any Item During a Search, in violation of Prohibited Act Code 115, and Possession of Anything Not Authorized, in violation of Code 305. Petitioner was sanctioned to 27 days loss of Good Credit Time ("GCT"), 15 days of disciplinary segregation, and 90 days loss of

commissary privileges.  As relief, Petitioner requests that his GCT of 27 days be reinstated and that the DHO expunge the incident report from his institutional record.

### A. **Relevant Background**

On January 15, 2016, Incident Report Number 2805140 was issued at FCI McKean charging Petitioner with 1) Destroying Evidence, in violation of Code 115; 2) Failure to Obey Direct Order From Staff, in violation of Code 307; and 3) Possession of Anything Unauthorized, in violation of Code 305.  The Incident Report by Officer D. Smith alleged the following:

> On 01/15/2016 at approximately 10:00am I was conducting rounds in Unit B-B.  I noticed that cell 217 had 4 inmates in the cell.  I instructed inmate White, Telano #35325-068 to come out of the cell and place his hands on the wall so I could conduct a pat search.  I pat searched inmate White with negative results.  As I began to conduct a pat search on another inmate, I noticed that inmate White had something in his right hand and was attempting to drop the item over the railing.  I instructed inmate White to once again place his hands on the wall so that I could conduct another pat search.  Inmate White took the item from his right hand and put it into his mouth in an attempt to conceal it from me.  I gave inmate White a direct order to spit out what was in his mouth with negative results.  It was clear that inmate White had swallowed the item in his mouth.  I instructed White to go to the center office, where a visual search was completed with negative results.  A thorough search on cell 216 where White resides was completed, 100 books of stamps were secured from White's locker.  At the conclusion of my search, I notified the Operations Lieutenant.

(Incident Report No. 2805140, ECF No. 8-5 at p.2.)  The Investigator delivered the Incident Report to Petitioner on January 15, 2016 at 4:35 p.m., at which time Petitioner was advised of his right to remain silent during the disciplinary process.  Id. at p.3.  The Investigator noted that Petitioner declined to make a statement at the time the report was delivered to him.  Id.  He did not request any witnesses at that time.  Id.  At the conclusion of the investigation, the Investigator referred the Incident Report to the Unit Discipline Committee ("UDC") for an Initial Hearing.  Id.

On January 22, 2016, the UDC convened for an Initial Hearing for Petitioner's Incident Report. Id. at p.2. Petitioner told the UDC, "I never had anything to put in my mouth. The CO searched me. Nothing found." Id. At the conclusion of the hearing, the UDC referred the Incident Report to the Disciplinary Hearing Officer ("DHO") for final disposition and recommended the following sanctions if Petitioner were found guilty: (1) monetary fine; (2) loss of GCT; and (3) disciplinary segregation ("DS") time. Id.

That same day, the Unit Manager advised Petitioner of his rights at the upcoming Discipline Hearing before the DHO. (Inmate Rights at Discipline Hearing, ECF No. 8-6 at p.2.) Petitioner waived his right to have a staff member represent him at the hearing and he did not name any witnesses at that time. (Notice of Discipline Hearing Before the (DHO), ECF No. 8-7 at p.2.)

On January 28, 2016, the DHO conducted the Discipline Hearing at FCI McKean. (Discipline Hearing Officer Report, ECF No. 8-8 at pp.2-5.) The DHO noted that Petitioner's rights were read to him, that Petitioner did not have any documentary evidence to present, that he waived his right to a staff representative, and that he indicated that he understood his rights. Id. at p.2. Petitioner stated at the hearing that the incident report was not true and the Officer must have been mistaken. Id. at p.2. Petitioner stated that he did not have anything in his hands or put anything in his mouth, that the officer did not find anything on him when he searched him, and that he gave a urine sample which turned out to be negative. Id. Petitioner stated that he did have the 100 books of stamps in his locker. Id.

At the conclusion of the hearing, the DHO found that Petitioner had committed the prohibited acts of Destroying Any Item During a Search, a Code 115 violation, and Possession of Anything Not Authorized, a Code 305 violation. Id. at p. 3. The DHO primarily relied upon the

written statement of Officer D. Smith, which stated that while he began a pat search on another inmate, he noticed that Petitioner had something in his right hand which Petitioner was attempting to drop over the railing, and that Petitioner put the item in his mouth when instructed to put his hands on the wall by the officer. Id.

The DHO gave little weight to Petitioner's denial because Petitioner did not provide any documentary evidence or witness testimony to support his defense. Id. The DHO gave greater weight to Officer D. Smith's account because the officer is under oath to tell the truth and does not stand to benefit from making false accusations against Petitioner. Id. The DHO found that Petitioner does stand to benefit from not telling the truth to avoid disciplinary action. Id. He then imposed the following sanctions: (1) disallowance of 27 days of GCT (in compliance with mandatory sentencing guidelines for PLRA inmates), (2) 15 days of disciplinary segregation, and (3) commissary restrictions for 90 days. Id.

The DHO's Report was delivered to Petitioner on January 29, 2016. Id. at p.4. Petitioner appealed the decision, but his appeals were denied at both the Regional and National levels. (Petition for Writ of Habeas Corpus, ECF No. 4 at p.2.) He then filed the instant Petition for Writ of Habeas Corpus on September 13, 2016. (ECF No. 4.)

### B. Subject Matter Jurisdiction

Title 28, Section 2241 of the United States Code "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (emphasis added) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) and citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)). In McGee, the Third Circuit Court of Appeals instructed that "the question to be asked is whether granting the petition would 'necessarily

imply' a change to the fact, duration, or execution of the petitioner's sentence.'" McGee, 627 F.3d at 936. In another case, it held that "[a] challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) (citations omitted).

### C. Discussion

#### 1. Due Process

The Fourteenth Amendment of the United States Constitution provides in pertinent part as follows: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." Federal inmates possess a liberty interest in good conduct time. *See* Wolff v. McDonnell, 418 U.S. 539, 555-57 (3d Cir. 1991); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). Accordingly, "[h]abeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." Robinson v. Warden, 250 F. App'x 462, 464 (3d Cir. 2007).

In Wolff, where the plaintiffs were deprived of good time credits as severe sanction for serious misconduct, the Supreme Court held that such inmates had various procedural due process protections in prison disciplinary proceedings, including the right to call witnesses and to appear before an impartial decision-maker. 418 U.S. at 563-73. In particular, the Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71. The Court set forth the following five requirements of due process in a prison disciplinary proceeding: (1) the right

5

to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional security or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

The BOP regulations provide an inmate with the following rights before the DHO: 1) no less than 24 hours advance written notice of the charges; 2) a full time staff member to represent him at the DHO hearing; 3) the opportunity to make a statement and to present documentary evidence and witnesses; 4) the right to be present throughout the DHO hearing; 5) the right to have all evidence presented at the DHO hearing considered by the DHO; 6) the disclosure of the decision of the DHO which must be based on at least some facts, and if there is conflicting evidence, must be based on the greater weight of the evidence; and 7) the right to a written report of the DHO's findings, the DHO's decision, and the specific evidence relied upon by the DHO. 28 C.F.R. § 541.8. The regulations clearly meet the standards as prescribed by the Supreme Court.

Initially, Petitioner does not challenge the sufficiency of due process throughout the disciplinary process in his Petition for Habeas Corpus (ECF No. 4). However, he does argue that he was not afford all due process to which he was entitled in a subsequent document entitled "Brief for Petition for Writ of Habeas Corpus Under § 2241," (ECF No. 9), which the Court will treat as Petitioner's Response to the Respondent's Answer. Petitioner argues that the fifth requirement under Wolff was not met, because the DHO "did not use all of the available information provided by the information." Id. at p.7. Petitioner goes on to list the reasons why

the evidence does not support the DHO's findings, but does not provide any indication as to why the DHO may not have considered the evidence he details. Petitioner's argument ultimately goes toward the sufficiency of the evidence, not whether he was afforded adequate due process as determined by the Supreme Court. Both the Respondent and Petitioner agree that Petitioner received a minimum of 24 hours prior written notice of the charge against him; that he was advised of his rights during the disciplinary process, including the right to remain silent; that he waived his right to a staff representative and to present witnesses and other documentary evidence; that he was present at the DHO hearing; that the Petitioner received a copy of the DHO's written report of the DHO's findings, decision, and the evidence he relied upon; and furthermore Petitioner was expressly advised by the DHO of his rights as to appeals. (ECF No. 8, p. 5-7; ECF No. 9, p. 2-3.) The DHO may not have come to the conclusion that the Petitioner hoped based on the available evidence, but that is a separate issue from the due process question. As to due process, the Court finds that Petitioner was accorded the full range of due process protections to which he was entitled.

## 2. Sufficiency of Evidence to Support the DHO's Findings

Petitioner challenges the sufficiency of the evidence that the DHO relied upon in finding that he violated Code 115 and Code 305. Where the procedural requirements of Wolff are met, the decision of the hearing examiner satisfies due process if there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985); *see also* Young, 926 F.2d at 1402-03 (applying Hill standard to federal prisoner due process challenges to prison disciplinary proceedings). The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the

record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. Under Hill, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support. Id. at 457.

In making the decision that Petitioner committed the prohibited acts of Destroying Any Item During a Search and Possession of Anything Not Authorized, the DHO relied upon the incident report by Officer D. Smith, who conducted the pat search of the Petitioner and reported seeing Petitioner attempt to drop something over a railing, etc., and upon the investigation report by Operations Lieutenant R. Pepper. (ECF No. 8-5, p.3.) According to Petitioner, none of this evidence supports a finding that he committed the charged acts. He contends that there is no evidence that he destroyed any evidence, a charge that was dismissed by the DHO, and that Officer Smith does not say what he thought was being destroyed, and that nothing was found after two pat downs, a full strip search, and submitting to several urinalysis tests. (ECF No. 4, p.3.) Moreover, the surveillance footage showed Petitioner as being fully cooperative during the entirety of the search. Id. Petitioner also argues that there is nothing to support the charge of Possession of Anything Unauthorized because "there was never a finding of guilt that Petitioner possessed anything that was unauthorized." Id.

Petitioner does not elaborate in his response why the DHO's decision does not meet the "some evidence" standard. Here, the DHO relied on the testimony of the correction officer who conducted the search on Petitioner, and chose to give his testimony greater weight than Petitioner's testimony. The DHO also cites to the Petitioner's admitted possession of 100 books of stamps to support his finding of the charge of Possession of Anything Unauthorized. (ECF No. 8-8, p. 3.) The rest of Petitioner's arguments concern the charge of Failure to Obey a Direct

8

Order From Staff, which was dismissed based on the evidence provided by the surveillance footage showing Petitioner being compliant. Therefore, the DHO's findings are sufficiently based on the evidence, according to the standard set out in <u>Hill</u>, and Petitioner's arguments are without merit.

**CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Telano L. White be denied

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: January 11, 2017.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Telano L. White
35325-068
FCI McKean
P.O. Box 8000
Bradford, VA  16701
*Via First Class Mail*

Counsel of Record
*Via CM/ECF Electronic Mail*